**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD KOSAR, ) | |
| ) | |
|      Plaintiff, ) | |
| ) | No. 20 C 1736 |
|   v. ) | |
| ) | Judge Sara L. Ellis |
| COLUMBIA SUSSEX MANAGEMENT, ) | |
| LLC, MARRIOT INTERNATIONAL, INC., ) | |
| KEE MEETING AND EVENTS, and ) | |
| RODOKOP GROUP LLC d/b/a ) | |
| BRING IT ON DALLAS EVENTS, ) | |
| ) | |
|      Defendants. ) | |

| | |
|---|---|
| COLUMBIA SUSSEX MANAGEMENT, ) | |
| LLC and MARRIOT INTERNATIONAL, ) | |
| INC., ) | |
| ) | |
|      Defendants/Third-Party ) | |
|      Plaintiffs, ) | |
| ) | |
|   v. ) | |
| ) | |
| CIRCASSIA PHARMACEUTICALS, INC., ) | |
| ) | |
|      Third-Party Defendant. ) | |

## OPINION AND ORDER

After sustaining injuries from a trip and fall at an event at the Renaissance Dallas

Addison Hotel (the "Hotel") in Addison, Texas, Plaintiff Richard Kosar, an Illinois resident,

filed suit against the owner and operator of the Hotel (Columbia Sussex Management, LLC

("CSM") and Marriot International, Inc. ("Marriot")[1]) and the organizers of the event (KEE

Meeting and Events ("KEE") and Rodokop Group LLC ("Rodokop")). In response, CSM and

---

[1] Kosar also sued CP Addison II, LLC but the Court dismissed CP Addison II, LLC on January 8, 2021 for lack of personal jurisdiction.

Marriot (the "Hotel Defendants") filed a third-party complaint against Kosar's employer, Circassia Pharmaceuticals, Inc. ("Circassia"), seeking indemnification and/or contribution. Now, the Hotel Defendants move the Court to determine that Texas substantive law applies to the entire lawsuit and Circassia moves to dismiss the third-party complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Because the Hotel Defendants have failed to demonstrate conflicts between Illinois and Texas law other than with respect to fault allocation, the Court finds that Texas law applies to fault allocation issues but does not make a choice of law determination with respect to any other issue at this time. And because the Hotel Defendants have not established a *prima facie* case of personal jurisdiction with respect to Circassia, the Court dismisses the third-party complaint against Circassia.

## BACKGROUND

Circassia is a foreign company incorporated in Delaware that "market[s] and sell[s] a pharmaceutical chronic obstructive pulmonary disease (COPD) product," Doc. 68-1 ¶ 4, in the United States, Europe, and Asia. The company has offices in at least five countries, including the U.S. In August 2016, Circassia moved its U.S. offices from Chicago, Illinois to Morrisville, North Carolina. Thereafter, Circassia continued to employ four people who worked remotely from their homes in Illinois, including Kosar. These employees hold the titles of Regional Sales Representative, Territory Business Manager, and Territory Business Representative and have "sales and/or sales management responsibilities [for Circassia's products] in multiple states, including, Illinois." Doc. 95-2 at 6. Starting in June 2017, Circassia sublet the remainder of its lease for the Chicago office to an unaffiliated company. Circassia distributes its "products nationwide and co-ordinate[s] the activities of [its] field-based commercial teams" from its U.S. headquarters in North Carolina. Doc. 101-1 at 7.

As of the filing of Kosar's complaint, Circassia contracted with a company to utilize four storage facilities in Illinois "for the purposes of storing samples of COPD products and marketing materials for its sales representatives residing in Illinois." Doc. 95-2 at 8. It also had a relationship with a "third-party logistics warehouse" that "distribut[es] Circassia's COPD products throughout the United States," but it is unaware if that company stores any products in Illinois. *Id.* at 13. Circassia "sends marketing materials via email to a national list, which may include Illinois recipients," but does not send physical marketing materials to Illinois. *Id.* at 19. Circassia also had a business relationship with two Illinois companies for the "marketing, sale or distribution of its products in Illinois." *Id.* at 9–11. As of January 6, 2020, Circassia had fifty-two customers in Illinois for its COPD products. However, Circassia is unaware what percentage of total sales revenue these customers represent because it "does not maintain such specific sales revenue information in the ordinary course of business." *Id.* at 17.

On or about October 3, 2017, Circassia entered into a Group Sales Contract (the "Contract") with Hotel representatives that set forth the terms and conditions for the National Sales Meeting that Circassia planned to hold at the Hotel in January 2018. CSM, the manager of the Hotel, is a foreign limited liability company with its principal place of business in Kentucky. Marriot, the franchisor of the Hotel, is a Delaware corporation with its principal place of business in Maryland. Circassia employees negotiated and executed the Contract from Circassia's headquarters in North Carolina. Performance of the Contract was to take place in Texas and/or North Carolina. The Contract had an "Indemnification and Hold Harmless" provision that required Circassia to indemnify the Hotel "for any claim . . . by third parties arising out of the performance of either party's obligations pursuant to this Contract." Doc. 58 at

2–3.  The Contract also required Circassia to obtain executed releases of liability from each third-party "in charge of providing installation and dismantling services" at the event.  *Id.* at 3.

Circassia hired KEE and Rodokop, two Texas limited liability companies with principal places of business in Texas, to provide décor and games for the event but failed to obtain executed releases of liability from them.  KEE and Rodokop provided two light-up cornhole sets that were present during the welcome reception for Circassia's National Sales Meeting on January 8, 2018.  Kosar attended this reception, allegedly tripped over one of the cornhole sets, and sustained injuries.  Kosar, an Illinois resident, first filed his complaint in the Circuit Court of Cook County on January 6, 2020.  On March 11, 2020, CSM removed the case to this Court.  On February 3, 2021, the Hotel Defendants filed crossclaims for contribution and/or indemnification against KEE and Rodokop and a third-party complaint for contribution and/or indemnification against Circassia.

## ANALYSIS

### I.      Choice of Law Determination

Pursuant to *Erie Railroad Co. v. Tompkins*, federal courts with diversity jurisdiction must apply state law with respect to substantive matters.  304 U.S. 64, 78 (1938).  To determine which state's substantive law applies, the Court must utilize the forum state's, Illinois', choice of law rules.  *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021).  "Under Illinois choice-of-law rules, forum law is applied 'unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply.'"  *Id.* (citation omitted).  The Hotel Defendants ask the Court to apply Texas substantive law to the entire lawsuit, arguing that Texas law substantively differs from Illinois law with respect to fault allocation and that Texas has the most significant relationship with the case.  KEE, Rodokop, and Circassia do not object to the Hotel Defendants'

motion.  Kosar does not object to the application of Texas substantive law to joint and several

liability and contribution but "objects to applying any other aspects of Texas substantive law to

this case."  Doc. 79 ¶ 1.  Because all parties agree that Texas law should apply to the issues of

joint and several liability and contribution, the Court will apply Texas substantive law to these

fault allocation issues.

But this does not end the inquiry because the Hotel Defendants ask the Court to apply

Texas law to all the issues within the lawsuit, while Kosar argues that the Hotel Defendants have

not properly identified how Texas law conflicts with Illinois law on any other potentially

relevant issues.  Illinois courts follow the doctrine of depecage, which allows for "cutting up a

case into individual issues, each subject to a separate choice-of-law analysis."  *Intercon Sols.,*

*Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1035 (N.D. Ill. 2013) (quoting *Townsend v.*

*Sears, Roebuck & Co.*, 227 Ill.2d 147, 161 (2007)).  "Before the court is required to make a

choice-of-law determination, the moving party must establish that 'there is a conflict between

Illinois law and the law of another state such that a difference in law will make a difference in

the outcome.'"  *Mesa Lab'ys., Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867–68 (7th Cir. 2021)

(citation omitted).  The Hotel Defendants argue that Kosar bears the burden of "indicat[ing] the

issues to which Texas law should not apply," Doc. 86 at 4, but under Illinois choice of law rules,

"[t]he party seeking the choice-of-law determination bears the burden of demonstrating a

conflict," *Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 2014 IL 116389,

¶ 14.  Because the Hotel Defendants have failed to identify any conflict between Texas and

Illinois law other than with respect to fault allocation, the Court need not make a choice of law

determination with respect to any other issue at this time.  *See id.* ("A choice-of-law

determination 'is required only when a difference in law will make a difference in the outcome.'" (citation omitted)).  The Court will address any other conflicts as they arise.

## II.     Personal Jurisdiction over Circassia

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2).  When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted).  If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.* at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014).  In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).  However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019).  The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

In diversity cases, the Court may exercise personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court.  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  Illinois allows for personal jurisdiction to the full extent authorized by the Illinois and United States Constitutions.  *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725

6

F.3d 718, 732 (7th Cir. 2013). Although there may be theoretical differences between the federal and Illinois constitutional standards, the Seventh Circuit has observed that "no Illinois case has provided a definitive explanation" of these differences. *Matlin*, 921 F.3d at 705. Moreover, both constitutional standards essentially focus on whether exercising jurisdiction over a defendant is fair and reasonable. *See KM Enters.*, 725 F.3d at 732. Thus, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393 (citation omitted); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *C.H. Johnson Consulting, Inc. v. Roosevelt Rds. Naval Station Lands & Facilities Redevelopment Auth.*, No. 1:12-cv-08759, 2013 WL 5926062, at *2–3 (N.D. Ill. Nov. 5, 2013); *see also Wesly v. Nat'l Hemophilia Found.*, 2020 IL App (3d) 170569, ¶ 16 ("[I]t is generally true that, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns." (alteration in original) (citation omitted)). Jurisdiction is proper under the Due Process Clause of the United States Constitution if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).

Personal jurisdiction comes in two forms: general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). The Hotel Defendants assert that Circassia is subject to both general and specific jurisdiction in Illinois. The Court will address each in turn.

## A.    General Jurisdiction

The Hotel Defendants argue that Circassia has sufficient contacts with Illinois to support general personal jurisdiction.  General jurisdiction arises when the defendant has "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  A defendant is subject to general jurisdiction only where its contacts with the forum state are so "continuous and systematic" that it can be considered "at home" in the state.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  "This is a demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010).  For corporations, "[t]hus far, the [Supreme] Court has identified only two places where that [standard] will be met: the state of the corporation's principal place of business and the state of its incorporation." *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015).  However, the Supreme Court has left open the possibility that "in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. Co. v. Tyrrell*, --- U.S. ----, 137 S. Ct. 1549, 1558 (2017) (citation omitted).  This is not such an exceptional case.

The Hotel Defendants do not dispute that Circassia is a Delaware corporation with its principal place of business in North Carolina.  Yet, they point to the following five contacts with Illinois that they contend render Circassia essentially at home in Illinois: (1) Circassia employs four people in Illinois; (2) Circassia sublets office space to an unaffiliated entity in Illinois; (3) Circassia arranges with companies to store, distribute, and market its products in Illinois; (4) Circassia markets its products via email to a national list that may include Illinois recipients;

8

and (5) Circassia has fifty-two customers in Illinois. "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts" and instead "calls for an appraisal of a corporation's activities in their entirety." *Id.* at 1559 (citation omitted). Circassia is an international company with offices in at least five countries and direct sales across three continents. Considering this, its Illinois contacts are insufficient to warrant an exception to the paradigmatic rule that a corporation is only at home in the state of its incorporation and principal place of business.

First, "[t]he presence of a defendant's employees in a forum State does not, by itself, create general jurisdiction in that State over that defendant." *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 750 (N.D. Ill. 2018); *see BNSF*, 137 S. Ct. at 1559 (finding no general jurisdiction over company that had two thousand employees in the state in part because these employees represented less than five percent of the company's total work force); *Page v. Democratic Nat'l Comm.*, No. 20 C 671, 2020 WL 8125551, at *2 (N.D. Ill. Aug. 17, 2020) (declining to create exception and exercise general jurisdiction over non-resident international law firm "with twenty offices worldwide and partners in at least twelve different states and three different countries"). Similarly, subletting its vacant office space to an unaffiliated company does not demonstrate that Circassia intends to be "at home" in Illinois. *Cf. Perez v. Air & Liquid Sys. Corp.*, No. 16-CV-00842, 2016 WL 7049153, at *4–5 (S.D. Ill. Dec. 2, 2016) (finding no general jurisdiction even though company leased office space and employed thousands of people in the state because "[g]iven the scope of [the company's] global presence, as well as its activity in other states, [the company] can 'scarcely be deemed at home' in Illinois" (citation omitted)). Instead, Circassia vacating its Chicago office and moving its U.S. headquarters out of the state indicates the opposite—that it no longer intends for courts and the public to consider it at home in Illinois.

The Hotel Defendants have failed to demonstrate that Circassia's relationships with other companies to store, distribute, and market its products in Illinois are exclusive or unique to Illinois, as opposed to a part of Circassia's national operations. *Cf. Congdon v. Cheapcaribbean.com, Inc.*, No. 17 C 5502, 2017 WL 5069960, at *7 (N.D. Ill. Nov. 3, 2017) (finding contacts with Illinois insufficient to exercise general jurisdiction where the same contacts occurred in all fifty states, including Illinois, and nothing suggested "that any solicitation, advertising, or sales were conducted with any specificity to Illinois"). Next, Circassia's marketing of its products via email to a national list that *may* include Illinois recipients does not allow the Court to treat Circassia as if it were physically present in Illinois. *See uBID*, 623 F.3d at 424, 426 (finding no general jurisdiction despite "extensive and deliberate" marketing contacts in the state because the company "has taken pains to limit its physical presence to Arizona" and the Illinois advertising was part of a nationwide campaign). Last, the Hotel Defendants have failed to demonstrate that Circassia's fifty-two Illinois costumers over a six-year period are sufficient to permit the exercise of general jurisdiction in Illinois as opposed to any other state in the country. *See BNSF*, 137 S. Ct. at 1559 (declining to exercise general jurisdiction over railroad that generated less than ten percent of its total revenue from the state because the contacts merely indicated that the railroad did business in the state).

The Hotel Defendants inappropriately focus on Circassia's Illinois contacts without providing the necessary metrics for the Court to assess Circassia's global business in its entirety. *See Patera v. Bartlett*, No. 15 C 50190, 2016 WL 773225, at *3 (N.D. Ill. Feb. 29, 2016) ("Plaintiff has not made any allegations as to the [] Defendants' 'activities in their entirety.' She has only made allegations concerning the [] Defendants' Illinois activities. These allegations are insufficient to make a prima facie showing of general jurisdiction over the [] Defendants.");

10

*Hayward v. Taylor Truck Line, Inc.*, No. 15-cv-00866, 2015 WL 5444787, at *5 (N.D. Ill. Sept. 14, 2015) ("[Plaintiff's] focus on [defendant's] contacts with Illinois [] lack the relevant nationwide context necessary for the Court to conduct a proper analysis under *Daimler* and *Goodyear*."). Based on the contacts the Hotel Defendants rely upon here, Circassia would likely be at home in all states in which it conducts business. Because the Supreme Court has made clear that this is not appropriate, *Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."), the Hotel Defendants have not met their burden of establishing a *prima facie* case of general jurisdiction and the Court declines to exercise general jurisdiction over Circassia.

### B.    Specific Jurisdiction

Next, the Hotel Defendants assert that the Court has specific jurisdiction over Circassia because Circassia purposefully availed itself of the privilege of conducting activities in Illinois by employing Kosar, an Illinois resident, and the Hotel Defendants' third-party complaint arises out of Circassia's employment of Kosar. Specific jurisdiction arises "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010); *see also Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) ("Specific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself."). Therefore, to establish specific jurisdiction, the Hotel Defendants must show that: "(1) [Circassia] has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to [Circassia's] forum-related activities; and (3) any exercise of personal

11

jurisdiction . . . comport[s] with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021). The Hotel Defendants argue that "[a]lthough the underlying lawsuit is not about plaintiff's employment relationship with Circassia, the occurrence on which the lawsuit is based directly arises from [Kosar's] employment relationship with Circassia." Doc. 95-1 at 11–12. Circassia responds by asserting that the lawsuit arises from or relates to Circassia's contacts (if any) with states other than Illinois, like Texas. The Court agrees that the alleged injuries here do not arise out of or relate to Kosar's employment relationship with Circassia.

To support specific jurisdiction, Circassia's minimum contacts with Illinois must be "suit-related;" in other words, "[t]here must be a 'connection between the forum and the specific claims at issue.'" *Curry*, 949 F.3d at 400 (citations omitted). The alleged injury must "arise out of or relate to" Circassia's contacts with Illinois; meaning Circassia's Illinois contacts must have caused or relate to the injury. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, --- U.S. ----, 141 S. Ct. 1017, 1026 (2021). The specific claims at issue here are for indemnification and contribution for any judgment against the Hotel Defendants with respect to the injuries Kosar sustained in Texas. The indemnification claim alleges that Circassia breached its duties under the Contract, which has no connection to Illinois: Circassia negotiated the Contract's terms in North Carolina and performed (or failed to perform) the Contract in either Texas and/or North Carolina. As the Hotel Defendants admit in their choice of law briefing, "[t]he relationship between Circassia and the Hotel is centered in Texas, as these two parties entered into the Subject Contract for Circassia's Reception to be held at the Hotel, which is located in Addison, Texas. Further, the Hotel's performance under the Subject Contract took place in Texas." Doc. 65 at 11.

12

The contribution claim alleges that Circassia's negligent conduct caused Kosar's injuries and therefore, Circassia, rather than the Hotel Defendants, is liable for any resulting damages. Again, as the Hotel Defendants admit elsewhere, the lawsuit "does not allege that any negligent conduct on the part of any defendant occurred anywhere other than within the state of Texas." *Id.* at 10. Therefore, no alleged negligent conduct took place in Illinois and the alleged injury did not arise from any of Circassia's Illinois contacts. *Compare Rogers*, 996 F.3d at 820 (finding claims did not arise out of defendant's Illinois contacts where all of defendant's alleged unlawful actions took place in Indiana), *with Tamburo v. Dworkin*, 601 F.3d 693, 709 (7th Cir. 2010) (finding claims arose directly out of defendants' Illinois contacts where defendants "expressly aimed their allegedly tortious conduct at [plaintiff] and his Illinois-based business for the purpose of causing him business there"). Therefore, the alleged injuries in the third-party complaint do not arise out of or relate to Circassia's contacts with Illinois. *See Leppert v. Champion Petfoods USA Inc.*, No. 18 C 4347, 2019 WL 216616, at *4 (N.D. Ill. Jan. 16, 2019) (finding "Plaintiffs fail[ed] to identify any link between Illinois and the specific [] claims that due process requires" where "all conduct giving rise to the [] claims occurred in Ohio").

Moreover, "[t]he plaintiff . . . cannot be the only link between the defendant and the forum." *Rogers*, 996 F.3d at 820 (citations omitted). Hotel Defendants admit that Kosar's "status as an Illinois domiciliary is the sole connection that the state of Illinois has with this lawsuit." Doc. 65 at 10. A plaintiff's presence in the forum state is insufficient to satisfy the "defendant-focused 'minimum-contacts' inquiry." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see, e.g., Gilman Opco LLC v. Lanman Oil Co.*, No. 13-cv-7846, 2014 WL 1284499, at *5 (N.D. Ill. Mar. 28, 2014) (rejecting argument that the Court should consider plaintiffs' presence in the forum and the fact that they sustained injuries as part of defendants' forum-related contacts).

13

Although this lawsuit undoubtedly would not have occurred had Circassia not hired Kosar or invited him to the National Sales Meeting, Circassia's employment relationship with Kosar did not cause and does not relate to the alleged injury here. *Cf. Grant-Overton v. Fort Wayne Urb. League, Inc.*, No. 20-CV-1028, 2021 WL 1549736, at *4–5 (N.D. Ind. Apr. 20, 2021) (finding employment discrimination claim arose out of employer's contacts with the forum state where employer had oversight of plaintiff's termination in forum state because those contacts related to plaintiff's wrongful termination claim). Such a distant connection between a suit and a defendant's forum contacts does not comport with the traditional notions of fair play and substantial justice. *Cf. Honorato v. Mt. Olympus Enters., Inc.*, No. 20 C 3385, 2020 WL 5800730, at *3 (N.D. Ill. Sept. 29, 2020) (finding defendant's Illinois contacts in wrongful death suit did not cause the alleged injury because "the sale[s] . . . and advertising in Illinois have nothing to do with the premise liability of a parking lot in Wisconsin"). Accordingly, the Hotel Defendants have not met their burden of establishing a *prima facie* case of specific jurisdiction.

### C. Transfer

At the end of its briefing, the Hotel Defendants ask the Court to transfer the case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1631 if the Court finds it lacks jurisdiction over Circassia. Section 1631 provides that if "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought." 28 U.S.C. § 1631. Circassia objects to this transfer, arguing it would not be in the interest of justice. Courts have come to different conclusions regarding whether § 1631 allows a district court to transfer a case based on a lack of personal jurisdiction, as opposed to subject matter jurisdiction. *See Salkauskaite v. Sephora USA, Inc.*, No. 18-cv-08507, 2020 WL 2796122, at *5 (N.D. Ill.

14

May 30, 2020) (collecting cases); *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 866 (N.D. Ill. 2016) (same). The Seventh Circuit has not decided the issue. *See Carpenter-Lenski v. Ramsey*, No. 99-3367, 2000 WL 287651, at *2 (7th Cir. Mar. 14, 2000) (collecting cases and noting "[w]e have not addressed this issue, and need not reach it in this case").

However, assuming § 1631 gives the Court authority to transfer the case, the Hotel Defendants have not identified any reasons why transfer would further the interests of justice and the Court does not find any. Whether "a plaintiff is time-barred from refiling in a proper court is 'a compelling reason for transfer.'" *Id.* (citation omitted). However, the Hotel Defendants do not assert any concerns regarding time-bars and based on the Court's understanding, there should not be any. *See Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 386 (5th Cir. 2007) ("Under Texas law, indemnity and breach of contract claims are subject to a four-year statute of limitations."); *Curtis v. Cerner Corp.*, 621 B.R. 141, 159 (S.D. Tex. 2020) ("The statute of limitations for a breach of contract is four years."). Moreover, Circassia does not admit that the Northern District of Texas has jurisdiction over it and objects to transferring the suit in part because of the hardship it would cause. *Cf. Rieke Corp. v. Am. Flange & Mfg. Co.*, No. 06-CV-275, 2007 WL 1724897, at *9 (N.D Ind. June 12, 2007) (transferring case pursuant to § 1631 where defendant admitted Northern District of Illinois had jurisdiction over it and "no perceivable hardship" would result). As a result, the Court declines to transfer the third-party complaint to the Northern District of Texas.

## CONCLUSION

For the foregoing reasons, the Court grants in part the Hotel Defendants' motion for choice of law determination [65] and will apply Texas substantive law to the issues of joint and several liability and contribution. The Court grants Circassia's motion to dismiss [67] and dismisses the third-party complaint without prejudice.


Dated: November 16, 2021

                                                         _____
                                                         SARA L. ELLIS
                                                         United States District Judge